*The Honorable Ricardo S. Martinez*
*Hearing: December 21, 2007*
*Without Oral Argument*

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| CANON U.S.A., INC., EASTMAN KODAK COMPANY, PANASONIC CORPORATION OF NORTH AMERICA, RICOH AMERICAS CORPORATION, and KYOCERA MITA AMERICA, INC.<br><br>               Plaintiffs,<br><br>        vs.<br><br>SCREENTONE SYSTEMS, CORPORATION, ACACIA PATENT ACQUISITION CORPORATION, ACACIA RESEARCH CORPORATION, and PAUL S. SNYPP,<br><br>               Defendants. | Cause No:  C07-1544 RSM<br><br>DEFENDANTS' MOTION TO STAY OR TRANSFER PENDING RESOLUTION OF ISSUES BY THE EASTERN DISTRICT OF TEXAS, THE FIRST-FILED COURT, OR, IN THE ALTERNATIVE, MOTION TO DISMISS, AND BRIEF IN SUPPORT<br><br>**JURY TRIAL DEMANDED** |

### I.      Nature and Stage of the Proceedings

Canon U.S.A., Inc., Eastman Kodak Company, Panasonic Corporation of North America, Ricoh Americas Corporation, and Kyocera Mita America, Inc. (sometimes referred to herein as the "Canon Plaintiffs," the "Canon Entities," or the "Texas Defendants") filed the above-captioned declaratory judgment action on October 1, 2007, seeking a declaration of non-infringement, invalidity, and unenforceability of U.S. Patent No. 5,166,809.  Prior to filing their answers and counterclaims, Defendants are filing this *Motion to Stay or Transfer Pending Resolution of Issues by the Eastern District of Texas, or, in the Alternative, Motion to Dismiss.*

DEFENDANTS' MOTION TO STAY OR TRANSFER, OR,
IN THE ALTERNATIVE, MOTION TO DISMISS - 1

ROMERO PARK & WIGGINS P.S.
155-108th Avenue N.E., Suite 202
Bellevue, WA  98004-5901
Tel: (425) 450-5000   Fax: (425) 450-0728

## II.     Summary of the Argument

1.      The declaratory judgment action brought before this Court by the Canon Plaintiffs is duplicative of a lawsuit filed by Screentone Systems Corporation ("Screentone") two months earlier in the United States District Court for the Eastern District of Texas (the "Texas Action"). Under the first-to-file rule, which turns on which court first obtains possession of the <u>subject</u> of the dispute, not the parties of the dispute, this case should be stayed or transferred, or in the alternative, dismissed.  Staying, transferring, or dismissing this case will further the principles of comity and sound judicial administration on which the first-to-file rule is based, by conserving judicial resources and by avoiding duplicative litigation and inconsistent results.

2.      Screentone owns all right, title and interest in and to the '809 patent.  As such, it is the only necessary plaintiff to the Texas Action.  In the present action, the Canon Plaintiffs have named additional parties that they assert are "indispensable."   Having named three defendants in addition to Screentone, they now lay claim to priority under the first-to-file rule. But the first-to-file rule turns on which court first obtains possession of the <u>subject</u> of the dispute, looking only to the sequence of filing events as the relevant metric for determining which court obtained jurisdiction first.  The rule applies even if the actions are not identical.  And complete identity of parties is not required to substantiate the transfer or dismissal of a second-filed, substantially related action.

## III.     Statement of Facts

On August 8, 2007, Screentone Systems Corporation ("Screentone"), one of the defendants herein, filed its original Complaint in the Eastern District of Texas, alleging infringement of U.S. Patent No. 5,166,809 (the "'809 patent") by seven different defendants (the "Texas Defendants").[1]  The Texas Defendants each make, sell, and distribute printer and other imaging products which operate to reproduce images by the claimed digital halftoning techniques.  The seven Texas Defendants include the five Canon Entities named as Plaintiffs herein.

---

[1] See Exh. A – Declaration of Edward R. Nelson, III in Support of this Motion ("Nelson Decl."), at Exh. 1 (Screentone's original Complaint filed August 8, 2007, in the United States District Court for the Eastern District of Texas, Marshall Division; hereinafter, the "Texas Complaint").

DEFENDANTS' MOTION TO STAY OR TRANSFER, OR,
IN THE ALTERNATIVE, MOTION TO DISMISS - 2

ROMERO PARK & WIGGINS P.S.
155-108th Avenue N.E., Suite 202
Bellevue, WA  98004-5901
Tel: (425) 450-5000   Fax: (425) 450-0728

Screentone agreed to give each Texas Defendant a 30-day extension within which to answer. On the last possible day (October 1, 2007), and in lieu of answers, the Texas Defendants filed three separate motions to dismiss, two of which alternatively requested transfer.[2] The same day, the Texas Defendants filed three nearly identical declaratory judgment actions — two in Delaware and one in Washington State (the instant action) — seeking declarations of non-infringement and invalidity regarding the same '809 patent at issue in the Texas Action. The Canon Plaintiffs also seek a declaration of unenforceability.

The three motions to dismiss pending in Texas and the three declaratory judgment actions pending in Washington and Delaware parrot one another, routinely using the same or substantially similar language. These collective filings amount to little more than a misguided, but well-orchestrated effort to force the parties' dispute into a procedural quagmire. Telling is the fact that the Texas Defendants made no attempt to communicate with Screentone about the issues raised in their motions and declaratory judgment actions prior to filing. Any attempt at all might have averted this unnecessary waste of the Court's time.

The declaratory judgment actions and the Texas motions are erroneously premised on the assertion that Screentone lacked standing to sue when it did. But the public record alone proves otherwise.[3] Screentone acquired all right, title and interest in and to the '809 patent on June 18, 2007, and, as patent owner, Screentone indisputably maintained standing to bring the Texas Action — a fact that Screentone documented and detailed in papers presently before the Texas court.

For this reason alone, there is no basis for dismissal of the Texas Action and no basis for transfer to Delaware or Washington based on the first-to-file rule. Likewise, there is no reason this Court should allow duplicative, parallel litigation to move forward in Washington when a sister court in Texas is already considering identical issues.

The Texas Defendants argue, additionally, that Screentone did not join all indispensable parties in the Texas Action and that joinder of those parties in the subsequently-filed declaratory

---

[2] The Canon Entities filed their motion to dismiss the Texas Action (the "Canon Motion") under Fed. R. Civ. P. 12(b)(1) and/or 12(b)(7), seeking dismissal or, alternatively, transfer of the Texas Action to the Western District of Washington under the first-to-file rule and/or 28 U.S.C. § 1404(a).

[3] Nelson Decl., at Exh. 2 (Assignment of '809 patent to Screentone).

DEFENDANTS' MOTION TO STAY OR TRANSFER, OR,
IN THE ALTERNATIVE, MOTION TO DISMISS - 3

ROMERO PARK & WIGGINS P.S.
155-108th Avenue N.E., Suite 202
Bellevue, WA  98004-5901
Tel: (425) 450-5000    Fax: (425) 450-0728

1   judgment actions should somehow permit them to invoke the first-to-file rule to their benefit.
2   This untenable position flows from their erroneous analysis of the patent's chain of title and runs
3   diametrically contrary to established law.

4          Ultimately, the Canon Entities cannot establish any basis upon which their case should
5   proceed in this Court.[4]   Screentone's choice of the Texas forum should not be disturbed, and this
6   Court should stay or transfer the present action, allowing the parties' arguments to play out
7   where the matter was first filed.  Moreover, it is well within the Court's discretion to simply
8   dismiss the instant action should the Court deem dismissal the most efficient course.

9   **IV.   <u>Argument</u>**

10
11          **A.     The first-to-file rule promotes judicial economy and avoids duplicative
             litigation.**
12

13          Screentone filed the Texas Action on August 8, 2007.  Two months later, the Texas
14   Defendants made themselves Plaintiffs by filing three separate declaratory judgment actions —
15   one in Washington and two in Delaware.  The Texas Action is the first-filed action.  "The first-
16   filed rule turns on which court first obtains possession of the <u>subject</u> of the dispute, not the
17   parties of the dispute."  *Schering Corp. v. Amgen Inc.*, 969 F. Supp 258, 267 (D. Del. 1997),
18   quoting *Advanta Corp. v. Visa U.S.A., Inc*., No. 96-7940, 1997 U.S. Dist. LEXIS 2007, at *6-7
19   (E.D. Pa. Feb. 19, 1997) (emphasis added); *see S&B Eng'r & Constr., Ltd. v. Alstom Power, Inc*.,
20   No. 3:04-CV-0150-L, 2004 U.S. Dist. LEXIS 21021, at *6 (N.D. Tex. Oct. 19, 2004) (stating
21   that "the first-to-file rule looks only to the sequence of filing events . . . as the relevant metric for
22   determining which court obtained jurisdiction first").

23          And it is well settled that "[i]n all cases of federal concurrent jurisdiction, the court which
24   first had possession of the subject <u>must decide it</u>."  *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d
25   925, 929 (3d Cir. 1941), quoting *Smith v. M'Iver*, 22 U.S. 532 (1824) (emphasis added);  *see also*
26   *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997);  *Lockheed Martin*

27
---
28   [4] It bears mention that the Canon Entities requested transfer out of the Eastern District of Texas on the basis of
     "convenience" under 28 U.S.C. §1404(a).  But not a single private or public interest factor favors such a transfer.
29   The Texas Defendants' motions ignore the well-settled principle that deference must be accorded Plaintiff's choice
     of forum (in this case, Screentone's choice to file in Texas) and otherwise falters in meeting the heavy burden
30   necessary to justify a change of venue.

DEFENDANTS' MOTION TO STAY OR TRANSFER, OR,
IN THE ALTERNATIVE, MOTION TO DISMISS - 4

*Corp. v. L-3 Comm. Corp.,* 370 F. Supp. 2d 1349, 1350-51.(N.D. Ga. 2005) ("when parties have filed competing or parallel litigation in separate federal courts, the court in which the case was first filed should hear the case").  Consequently, the "later-filed action should be stayed pending the resolution of an earlier filed action, or transferred to the court in which the earlier-filed action is pending."  *Dippold-Harmon Enterprises, Inc. v. Lowe's Companies, Inc.*, 2001 U.S. Dist. LEXIS 18547 at *13-14, Civil Action No. 01-532-GMS (D. Del. 2001).

The first-to-file rule "encourages sound judicial administration and promotes comity among federal courts of equal rank."  *Filler v. Lernout*, 2002 U.S. Dist. LEXIS 2373 at *6 (D. Del. 2002); *see also Am. Guar. & Liab. Ins. Co. v. United States Fid. & Guar. Co.*, 2006 U.S. Dist. LEXIS 88627, 2-3 (W.D. Wash. 2006) ("The first-to-file rule was developed to 'serve[] the purpose of promoting efficiency well and should not be disregarded lightly.'"), quoting *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991);  *Save Power Ltd.*, 121 F.3d at 950 ("the principle of comity requires federal district courts ... to exercise care to avoid interference with each other's affairs").

This same rule applies in patent cases. *Genentech, Inc. v. EB Lilly & Col,* 998 F.2d 931, 937-38 (Fed. Cir. 1993) (holding that Federal Circuit law applies when a question is important to national uniformity in patent practice and applying to a patent case "[t]he general rule [that] favors the forum of the first-filed action").  Because the Texas Action is the first-filed case, the Eastern District of Texas should hear and decide these matters.

Ultimately, the decision to transfer or stay the second action is within the discretion of the trial court.  *Filler*, 2002 U.S. Dist. LEXIS 2373 at *6.  But "invocation of the rule will usually be the norm, not the exception, and courts must be presented with exceptional circumstances before exercising their discretion to depart from the first-filed rule."  *Id.* (internal citation omitted); *see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 675 F.2d 1169, 1174 (11th Cir. 1982) ("In the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case.").

### B.  This case involves no applicable exception to the first-to-file rule.

The Texas Defendants intentionally created duplicative litigation by filing multiple declaratory judgment actions.  And in their attempts to escape the Texas Action, they sued Acacia Patent Acquisition Corporation ("APAC"), Paul Snypp, and Acacia Research

DEFENDANTS' MOTION TO STAY OR TRANSFER, OR, IN THE ALTERNATIVE, MOTION TO DISMISS - 5

ROMERO PARK & WIGGINS P.S.
155-108th Avenue N.E., Suite 202
Bellevue, WA  98004-5901
Tel: (425) 450-5000   Fax: (425) 450-0728

Corporation.  These parties were not originally named as Plaintiffs in the Texas Action.   Though not necessary to the maintenance of the lawsuit, Screentone has requested leave to amend the Texas Complaint to add APAC and Snypp as voluntary co-plaintiffs.   Acacia Research Corporation is not a proper party to any suit, having nothing to do with the case outside the fact that it is the ultimate parent to APAC and Screentone.  Acacia Research Corporation does not own, and has never owned, any interest whatsoever in the '809 patent.

As noted above, "[t]he first-filed rule turns on which court first obtains possession of the subject of the dispute, not the parties of the dispute." *Schering Corp.*, 969 F. Supp at 267.  In *Schering*, the court "first acquired subject matter jurisdiction over the dispute in December of 1996" when Schering's original Complaint for patent infringement was filed.  *Id*.  As in this case, the defendant in *Schering*, Amgen, filed a subsequent declaratory judgment action in another district against two parties, Schering and Biogen.  *Id*. at 260.   Amgen lodged a concurrent motion to dismiss in response to Schering's first-filed Complaint, premised upon the failure of Schering to join Biogen as an indispensable party.  *Id*.   Schering then amended to add Biogen as a co-plaintiff.  *Id*.

Amgen argued that its choice of forum was entitled to deference as, effectively, the first forum to acquire jurisdiction over all necessary parties.[5]  *Id*. at 265-67.  The *Schering* court rejected Amgen's argument, holding that "the Delaware action is considered first-filed, regardless of the addition of a new party" by Schering, which was done after, and in response to, Amgen's second-filed declaratory judgment action.  *Id*. at 267.

Under the first-to-file rule, the Washington and Delaware courts should defer to the Texas court.  *See Save Power Ltd.*, 121 F.3d at 950 (acknowledging the well-settled "legal proposition [that] the second court should defer").  There is simply no basis for this Court to conclude that it should allow the Washington action to go forward.  Rather, "where duplicative issues and parties exist in two cases the court with the first case should resolve the issues between the parties ...." *Id*.

---

[5] In *Schering*, there was a standing issue related to whether Schering, as the purported exclusive licensee, could bring suit alone without joinder of the patent owner, Biogen.  This is not an issue here, where Screentone is the patent owner with an indisputable right to bring its action in Texas. There is no exclusive licensee.

DEFENDANTS' MOTION TO STAY OR TRANSFER, OR, IN THE ALTERNATIVE, MOTION TO DISMISS - 6

ROMERO PARK & WIGGINS P.S.
155-108th Avenue N.E., Suite 202
Bellevue, WA  98004-5901
Tel: (425) 450-5000   Fax: (425) 450-0728

There are some narrow exceptions to the first-to-file rule.   Certain equitable considerations permit courts to exercise their discretion and decline to apply it.   Circumstances under which an exception to the first-to-file rule might be made include bad faith, anticipatory suit, and forum shopping.   *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).   But even in those instances, most courts hold that the first court must decide whether or not the exceptions apply: "The first-filed rule requires the first court to decide whether the first-filed rule should apply, or whether a narrow exception to the rule that only applies in 'compelling circumstances' favors transfer of the first-filed case to the second court for consolidation."   *Lockheed Martin Corp. v. L-3 Comm. Corp.*, 370 F. Supp. 2d 1349, 1350-51 (N.D. Ga. 2005), quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982);   *see also Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 606 (5th Cir. 1999) ("[O]nce the [second-filed] court found that the issues might substantially overlap, the proper course of action was for the court to transfer the case to the [first-filed] court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed.").   Accordingly, Screentone respectfully requests that this Court stay this consolidated action or transfer it to the Eastern District of Texas for resolution.

### C.   In the alternative to a stay or transfer, the Court may dismiss this case with prejudice.

It is well within this Court's discretion to simply dismiss the present action by application of the first-to-file rule.   *See, e.g., Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 97 (9th Cir. 1982) (affirming district court's decision to dismiss the second-filed action).   To that end, the Ninth Circuit Court of Appeals had articulated three prerequisites for application of the first-to-file rule: (1) chronology of the two actions; (2) similarity of the parties; and (3) similarity of the issues. *See Alltrade*, 946 F.2d at 625, 946 F.2d at 625;   *see also Am. Guar. & Liab. Ins. Co. v. United States Fid. & Guar. Co.*, 2006 U.S. Dist. LEXIS 88627, *3-4 (W.D. Wash. 2006).   Here, all three prerequisites are satisfied: (1) the Texas Action was filed on August 8, 2007, whereas this action was filed October 1, 2007; (2) the Texas Action named each of the five Canon Entities (the Plaintiffs herein) as defendants in the Texas Action, and those same entities are the plaintiffs in this action; and (3) both actions focus on the '809 patent, to wit, Screentone initiated the Texas Action claiming infringement of the '809 patent, and the Plaintiffs here seek a

DEFENDANTS' MOTION TO STAY OR TRANSFER, OR,
IN THE ALTERNATIVE, MOTION TO DISMISS - 7

**ROMERO PARK & WIGGINS P.S.**
155-108th Avenue N.E., Suite 202
Bellevue, WA  98004-5901
Tel: (425) 450-5000   Fax: (425) 450-0728

1  declaration of invalidity, non-infringement, and unenforceability of the '809 patent.   In any

2  event, the rule applies even if the actions are not identical.   *Save Power Ltd.*, 121 F.3d at 950

3  ("Regardless of whether or not the suits here are identical, if they overlap on the substantive

4  issues, the cases would be required to be consolidated in ... the jurisdiction first seized of the

5  issues.").

6    As indicated above, the Texas Defendants believe they can circumvent the first-filed rule

7  by adding additional parties.   They argue that the additional parties are "indispensable" to the

8  litigation.   In reality, the parties have been added to create the illusion that the actions are

9  somehow different.   Federal courts have rejected such efforts.   *See, e.g.*, *Save Power Ltd.*, 121

10  F.3d at 951 ("Complete identity of parties is not required for dismissal or transfer of a case filed

11  subsequently to a substantially related action.").

12    The Texas Defendants' "indispensable party" position is founded on their assertion that

13  Screentone lacks the right to sue for past damages, presumably going back six years as permitted

14  under 35 U.S.C. § 286.   In their dismissal motions, filed in Texas, they cite *Arachnid, Inc. v.*

15  *Merit Indus., Inc.* for the proposition that patent assignments generally do not convey a right to

16  collect pre-assignment damages.   939 F.2d 1574, 1579 n. 7 (Fed. Cir. 1991).   Rather, rights to

17  such damages must be expressly assigned.

18    The Texas Defendants' argument is misplaced, however, for the simple reason that

19  Screentone held valid legal title to the patent-in-suit at the time it filed the Texas Action and,

20  thus, had standing to assert infringement.   The extent to which Screentone can collect *pre*-

21  assignment infringement damages is merely a red herring.   Such goes to the issue of how far

22  back Screentone may collect infringement damages, and not to whether Screentone had the right

23  to bring suit.

24    The Texas Complaint does not state the extent to which Screentone seeks past damages.

25  Rather, it simply states that "[Screentone] is the owner of the '809 patent with the exclusive right

26  to enforce the '809 patent against infringers and collect damages for all relevant times, including

27  the right to prosecute this action."[6]   Nowhere does the Texas Complaint allege that Screentone

28  seeks damages accruing prior to taking ownership.   The "relevant" time for Screentone to collect

29

30  ―――――――――――――――
[6] Nelson Decl., at Exh. 1 (Texas Complaint) at ¶ 12.

DEFENDANTS' MOTION TO STAY OR TRANSFER, OR,
IN THE ALTERNATIVE, MOTION TO DISMISS - 8

**ROMERO PARK & WIGGINS P.S.**
155-108th Avenue N.E., Suite 202
Bellevue, WA  98004-5901
Tel: (425) 450-5000   Fax: (425) 450-0728

1  past damages is from June 18, 2007 (the date it acquired the '809 patent)[7] forward.

2        Quoting *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir.

3  2003), the Texas Defendants argue in their dismissal motions that "if the original plaintiff lacked

4  standing, the suit must be dismissed, and the jurisdictional defect cannot be cured by the addition

5  of a party with standing."   The case is inapposite for the simple reason that Screentone had

6  standing at the time it filed its Texas lawsuit by virtue of its exclusive ownership of the '809

7  patent.  Standing "depends upon the state of things at the time ... the action [is] brought."  *Id.* at

8  1306.  Though true that a plaintiff cannot gain standing retroactively, *Id.* at 1310, Screentone did

9  not need to gain standing to maintain the Texas Action.  Screentone became the complete, legal

10 owner of the '809 patent on June 18, 2007, and filed its Texas Action on August 8, 2007.  There

11 is no ownership defect; thus, there is no jurisdictional defect.

12        Nevertheless, Screentone sought leave from the Texas court to amend its Texas

13 Complaint and to add APAC and Snypp as parties (two of the four Defendants here).  APAC and

14 Snypp were not, and are not, indispensable parties, because Screentone has every right to pursue

15 its own damages in the Texas Action, at least back to June 18, 2007.  But to insure maximum

16 recovery for past damages, and out of an abundance of caution, Screentone sought leave to add

17 APAC and Snypp.

18

19 **V.    Conclusion**

20        As the federal courts have long emphasized, "the plaintiff's choice of forum should rarely

21 be disturbed."   *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).  And for the reasons

22 described above, Screentone's choice of a Texas forum should be left alone.  Respectfully, this

23 Court should either stay this action pending resolution of various issues by the Eastern District of

24 Texas or proceed to transfer the case to the Eastern District of Texas, the first-filed court.  In the

25 alternative, Defendants request that the Court dismiss the instant action with prejudice — an

26 option well within the Court's discretion.

27

28

29

30 ─────────────
[7] Nelson Decl., at Exh. 2 (Assignment to Screentone).

DEFENDANTS' MOTION TO STAY OR TRANSFER, OR,
IN THE ALTERNATIVE, MOTION TO DISMISS - 9

1

RESPECTFULLY SUBMITTED this 26th day of November, 2007.

2

3

ROMERO PARK & WIGGINS P.S.

4

/s/H. Troy Romero_____

5
H. Troy Romero, WSBA #19044
155 – 108th Avenue NE, Suite 202
6
Bellevue, WA  98004
7
(425) 450-5000 telephone
(425) 450-0728 facsimile
8
tromero@rpwfirm.com
9
Counsel for Defendants

10

11
FRIEDMAN, SUDER & COOKE

12
/s/Edward R. Nelson, III____

Edward R. Nelson, Texas State Bar No. 00797142
13
604 East 4th Street, Suite 200
Fort Worth, TX 76102
14
(817) 334-0400
15
(817) 334-0401 fax
nelson@fsclaw.com
16
Counsel for Defendants

17

18
FRIEDMAN, SUDER & COOKE

19
/s/David A. Skeels____

David A. Skeels, Texas State Bar No. 24041925
20
604 East 4th Street, Suite 200
Fort Worth, TX 76102
21
(817) 334-0400
22
(817) 334-0401 fax
Skeels@fsclaw.com
23
Counsel for Defendants

24

25

26

27

28

29

30

DEFENDANTS' MOTION TO STAY OR TRANSFER, OR,
IN THE ALTERNATIVE, MOTION TO DISMISS - 10